UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTY MCCAUSLAND,

    Plaintiff,

v.                                                                                    CASE NO:

AMAZON.COM, INC., a Foreign
Profit Corporation,

    Defendant.
_____/

**DEFENDANT, AMAZON.COM, INC.'S NOTICE OF REMOVAL**

Defendant, **AMAZON.COM, INC.** (hereinafter, "Amazon"), hereby removes this action from the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and Rule 81(c), Federal Rules of Civil Procedure, on the following grounds:

1. On March 30, 2021, KRISTY MCCAUSLAND ("Plaintiff") filed a Complaint against Amazon in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, captioned KRISTY MCCAUSLAND, Plaintiff, v. AMAZON.COM, INC., a Foreign Profit Corporation, Defendant, Case Number 2021-CA-1500 (hereinafter, the "Complaint").

2. On April 1, 2021, Plaintiff served the Summons and Complaint on Amazon through its agent for service of process.

3. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this action because there is the requisite complete diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Plaintiff is a citizen of Sarasota County, Florida. (Complaint at ¶1).

5. Defendant, Amazon.com, Inc. is a Delaware corporation with its principal place of business in the state of Washington. It is therefore a citizen of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1) (corporation is a citizen of states of incorporation and principal place of business).

6. Because Plaintiff is a citizen of Florida, while the named Defendant is a citizen of Delaware and Washington, there is complete diversity.

7. Plaintiff alleges that this is an action for damages in excess of the sum of Thirty Thousand Dollars ($30,000). (Complaint at ¶7). Specifically, Plaintiff alleges that she sustained "third-degree chemical burns" from the use of a mole and skin tag removal product. (Complaint at ¶¶21, 29, 31, & 41). Plaintiff further alleges that she suffered:

> physical pain and suffering, both past and future; medical and medical related expenses, both past and future; travel and travel related expenses, both past and future; emotional distress and future emotional distress; pharmaceutical expenses, both past and future; wage loss; and other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances.

(Complaint at sub-paragraph (1) of the Prayer for Relief).

8. Plaintiff alleges that her injuries are "serious and permanent." (Complaint at ¶59).

9. Prior to filing this action, Plaintiff sent a demand letter to Amazon, together with medical records and bills, seeking a settlement well in excess of the $75,000 jurisdictional amount.

10. In support of her demanded settlement, Plaintiff set forth approximately $40,000.00 of itemized past medical expenses for treatment including, but not limited to skin excisions and surgical skin transfer to repair her alleged third-degree chemical burns.

11. A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) nonmonetary relief or (b) a money judgment and the state practice permits recovery in excess of the amount demands. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court recently held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554). The defendant need not provide any evidence establishing the amount in controversy unless and until the plaintiff

contests, or the court questions, the defendant's allegation as to the amount in controversy. *Dart*, 135 S. Ct. at 554.

12. Although Plaintiff has not alleged in the Complaint a specific amount in controversy, the Court is entitled to rely on its judicial experience and common sense in determining that a cause of action is likely to exceed $75,000 and therefore meets the jurisdictional limits of the Court. Defendants' allegations to establish jurisdiction can be "combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka v. Kolter City Plaza Two, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Defendants are not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.*

13. Further, a court may consider a settlement offer made by a plaintiff in determining whether diversity jurisdiction exists. *Poltar v. LM General Insurance Company*, 473 F. Supp. 3d 1341, 1344 (M.D. Fla. 2020) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1097 (11th Cir. 1994)) (removal proper where plaintiffs' settlement demand was for $100,000, and plaintiffs' prior medical bills were approximately $40,000).

14. Although Amazon denies that Plaintiff is entitled to any monetary relief whatsoever, based on this information, Amazon believes, in good faith, that it is highly probable that the amount in controversy in this civil action exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Amazon's good faith belief is based upon Plaintiff's allegations of severe and permanent third-degree chemical burns requiring skin excisions and surgical skin

transfer, Plaintiff's detailed demand letter with itemized past medical expenses, alleged past and future wage loss, and the potential for future medical treatment and costs. Therefore, this Court has jurisdiction over this case. *See* 28 U.S.C. § 1332(a)(1).

15. As required by 28 U.S.C. § 1446(a), true and correct copies of all of the process, pleadings, orders and papers on file with the state court in this action are attached as **Composite Exhibit "A"**.

16. Venue of this removed action is proper under 28 U.S.C. § 1441(a), because this Court is the United States District Court for the district that includes Sarasota County, where the state-court action was pending.

17. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Amazon's receipt of service of the state court Summons and Complaint.

18. Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the state court clerk contemporaneously with the filing of this Notice of Removal with this Court.

WHEREFORE, Defendant, **AMAZON.COM, INC.**, by and through its undersigned counsel, respectfully notices the removal of this action now pending against it in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota

County, Florida, Case No. 2021-CA-1500 to the United States District Court for the Middle District of Florida, Tampa Division.

**CERTIFICATE OF SERVICE – CM/ECF**

**I HEREBY CERTIFY** that on **April 30, 2021**, I electronically filed the foregoing with the Clerk of the Court by using the *CM/ECF* system and furnished a copy via email to **CARL REYNOLDS, ESQ**. of Carl Reynolds Law at: service@carlreynoldslaw.com (counsel for Plaintiff).

/s/ Cory J. Person
Robert M. Fulton
Florida Bar No. 0008516
Cory J. Person
Florida Bar No. 32950
Nicole Walsh
Florida Bar No. 111961
HILL, WARD & HENDERSON, P.A.
Post Office Box 2231
Tampa, FL  33601
bob.fulton@hwhlaw.com
cory.person@hwhlaw.com
nicole.walsh@hwhlaw.com
Tel:  (813) 221-3900
Fax:  (813) 221-2900
***Attorneys for Amazon.com, Inc.***