Filing # 124030985 E-Filed 03/30/2021 03:20:04 PM

### IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
### IN AND FOR SARASOTA COUNTY, FLORIDA

**KRISTY MCCAUSLAND,**

        Plaintiff,

vs.                                        CASE NO.:

**AMAZON.COM, INC., a Foreign
Profit Corporation,**

        Defendant.

_____/

### COMPLAINT FOR DAMAGES FOR PERSONAL INJURY AND DEMAND FOR JURY TRIAL

Plaintiff, KRISTY MCCAUSLAND, through undersigned counsel, files suit against Defendant, AMAZON.COM, INC., and alleges the following:

PARTIES, JURISDICTION, AND VENUE

**PARTIES**

1. Plaintiff, KRISTY MCCAUSLAND (hereinafter "Plaintiff"), at all relevant times was and is a resident of Sarasota County, Florida.

2. Defendant, AMAZON.COM, INC. (hereinafter "Defendant"), is a foreign corporation organized under the laws of Washington, with headquarters in Seattle.

3. At all relevant times, Defendant owns and operates nationwide, indeed, worldwide, on-line services wherein it facilitates the sale and delivery of goods between sellers and consumers.

4. Defendant has annual revenues of $321 billon.

5. At all relevant times, Defendant advertised, allowed to be advertised, hosted on-line services facilitating the sale of, packaged, distributed, delivered, and sold items to the public, including within the State of Florida, County of Sarasota.

## JURISDICTION AND VENUE

6. This Court is vested with jurisdiction over the Defendant because the Defendant conducts substantial business within the State of Florida and in this county.

7. Plaintiff has suffered damages in excess of $30,000.00.

8. Venue of this action is proper in Sarasota County under Florida Statutes § 47.051 because a significant act or omission arose in this county, the Plaintiff purchased the defective item utilizing an electronic device located here, the Plaintiff resides here, the Defendant delivered the defective item to an address located here, and the Defendant transacts business here.

## FACTS

9. On or about October 22, 2019, the Plaintiff was a patron of Amazon.com, Inc.  Ms. McCausland purchased a product advertised on Amazon.com as Azally Mole & Skin Tag Remover.

10. The Azally Mole & Skin Tag Remover product was further advertised on the Defendant's website as "Safe & Effective."

11. The Azally Mole & Skin Tag Remover product description on Amazon.com did not contain any warnings regarding the potential for chemical burns or physical harm from the use thereof.

12. The Azally Mole & Skin Tag Remover product included an "Amazon Prime" designation and an "Amazon Choice" endorsement.

13.  The Defendant packaged and shipped the Azally Mole & Skin Tag Remover product to the Plaintiff.

14.  The Plaintiff paid the full price of the Azally Mole & Skin Tag Remover product, packaging, and the delivery thereof to the Defendant.  The Plaintiff was never instructed to make any payments to any third party.

15.  At all times material, Defendant had a duty to comply with all applicable state and federal regulations intended to ensure the purity and safety of its cosmetic product, including the requirements of the Federal Food, Drug and Cosmetics Act (21 U.S.C. § 301 et seq.) and Florida Statute § 499.001 et seq.  These acts are designed to protect consumers such as the Plaintiff.

16.  The Defendant failed to comply with the provisions of the health and safety acts identified above, and, as a result, was negligent in its advertising, distribution, and sale of the Azally Mole & Skin Tag Remover product.

17.  The Defendant knew or should have known that if the Azally Mole & Skin Tag Remover product was not properly and carefully manufactured, designed, tested, maintained, inspected, mixed, delivered, warned, labeled, and signed prior to sale or distribution to consumers, it would, if used by any member of the general public, be a substantial factor in causing serious and permanent injury.

18.  The Defendant negligently and carelessly manufactured, designed, tested, maintained, inspected, mixed, assembled, delivered, labeled, warned, signed and sold the Azally Mole & Skin Tag Remover product so that it was in a dangerous and defective condition and unsafe for the use and purposes for which it was intended.

19.  The danger of the Azally Mole & Skin Tag Remover product was known to the Defendant, or should have been discovered by the Defendant through the exercise of ordinary care and reasonable diligence, but was not disclosed or made known to purchasers or users thereof, including the Plaintiff.

20. After receiving the product, the Plaintiff applied the product on October 24, 2019.  She applied the product per the instructions that were supplied with the product.

21. Approximately 48 hours later, the Plaintiff discovered that her skin had turned black at the application site.  She was later informed by medical personnel that she had received a 3rd degree chemical burn from the product.

22. The Plaintiff continues to suffer from scarring and disfigurement associated with the chemical burn.

23. Plaintiff incurred medical bills and missed time from work as a direct and proximate result of the chemical burns and pain symptoms she suffered caused thereby.

## CAUSES OF ACTION

## COUNT I—NEGLIGENCE

24. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth in full herein.

25. The Defendant owed a duty of care to the Plaintiff and other customers to advertise, deliver, endorse, recommend, label, and sale safe products, including cosmetic products designed to remove moles and skin tags.

26. The Defendant owed a duty to the Plaintiff requiring the Defendant to a reasonable standard of conduct for the safe advertising, handling, distribution, labeling, and sale of cosmetic products.

27. Defendant breached the duty of care owed to Plaintiff. Defendant's breach led to an unreasonable and foreseeable risk of harm, including 3rd degree chemical burns, to the Plaintiff.

28. The Defendant also had a duty to use vendors, sellers, suppliers, compounds, and other constituent materials that were reasonably safe, dermatologically tested, free of defects, and that

otherwise complied with applicable federal, state, and local laws, ordinances, and regulations, and that were safe for human usage, but the Defendant failed to do so.

29. Defendant breached this duty which is negligence which led to an unreasonable and foreseeable risk of harm, including 3rd degree chemical burns, to the Plaintiff.

30. Defendant's breach was the proximate cause of injury or damage to Plaintiff.

31. The Plaintiff was a person intended to be protected by safe cosmetic sales, handling procedures and practices. As a direct and proximate result of the Defendant's acts and omissions of negligence, the Plaintiff suffered 3rd degree chemical burns.

32. Thus, Plaintiff suffered legally cognizable damages caused by the Defendant's breach in an amount to be determined at trial.

## COUNT II—STRICT LIABILITY

33. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth in full herein.

34. At all times relevant hereto, the Defendant was an advertiser, distributor, vendor, labeler, shipper, and/or seller of a defective product, i.e. the Azally Mole & Skin Tag Remover product.

35. Defendant placed the defective product on the market or allowed the defective product to be placed on its on-line marketing platform.

36. The Defendant prioritized the defective product and gave it an endorsement and a preferred product designation.

37. Defendant knew and intended that the defective product would be purchased, applied, and used by members of the general public who would rely on Defendant to safely design, manufacture, market, label, warn of, distribute, deliver, and sell the product in a safe manner and to transmit any relevant warnings about the product.

38. at the time of the incident giving rise to this Complaint, the product was being used in a manner and fashion that was foreseeable by the Defendant and in a manner in which the product was intended to be used.

39. Nothing aside from the Defendant's own choices required it to allow the product for sale, to store the product at its warehouse, to accept Plaintiff's order, or to ship the product to her. It made these choices for its own commercial purposes.

40. The defective product was sold in an unreasonably dangerous condition.

41. The chemical compound known as Azally Mole & Skin Tag Remover that the Defendant manufactured, distributed, packaged, labeled, shipped and/or sold was, at the time it left the Defendant's control, defective, improperly labeled, devoid of warnings, and unreasonably dangerous for its ordinary and expected use because it had the potential to and, indeed, did inflict 3rd degree chemical burns.

42. The defective product reached the Plaintiff without substantial change in condition in which the product was sold.

43. The defect is the proximate cause of the Plaintiff's injury.

44. The Defendant is strictly liable for damages caused by the Plaintiff's use of the unreasonably dangerous and improperly labeled or warned of topical mole and skin tag treatment product.

45. As a direct and proximate result of the Defendant's acts and omissions the Plaintiff applied an unreasonably dangerous and improperly labeled or warned of topical mole and skin tag treatment product and suffered legally cognizable damages in an amount to be determined at trial.

## COUNT III—FAILURE TO WARN OF DEFECTIVE CONDITION

46. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth in full herein.

47. The Azally Mole & Skin Tag Remover product was in a dangerous and defective condition when introduced into the stream of commerce by the Defendant.  The product was so defective that when used in a way that was reasonably foreseeable, the potential risks of the product created a substantial danger to users of the product and could and would cause serious injuries.

48. The Azally Mole & Skin Tag Remover product had potential risks that were known or knowable by the use of scientific knowledge available at the time of manufacture, distribution, labeling, packaging, and sale of the product.  Defendant knew, or in the exercise of reasonable care, should have known that the potential or inherent risks presented a substantial danger to users of the product because Defendant possessed special knowledge of or a special relationship to those with knowledge of the materials, design, character, compounds, chemical makeup, contraindications, possible side effects, and overall nature of the product.  Plaintiff and ordinary consumers would not recognize or have knowledge that the product was dangerous or defective.

49. Although possessed of special knowledge or a special relationship to the possessor of special knowledge of the potential risks and substantial danger to users of the product, the Defendant failed to adequately warn or instruct of the potential risks and dangerous and defective conditions of the product.

50. Plaintiff was harmed and suffered the injuries and damages herein alleged as a result of the Defendant's failure to adequately warn.  The lack of sufficient warning or instructions was a substantial factor in cause Plaintiff's harm.

## <u>COUNT IV—BREACH OF IMPLIED WARRANTY</u>

51. The Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth in full herein.

52. At all times relevant hereto, the Defendant marketed, promoted, distributed, advertised, endorsed, packaged, shipped, or sold the Azally Mole & Skin Tag Remover product for use by the public at large, including the Plaintiff.  Defendant knew the use for which the product was intended and represented or impliedly warranted the product to be of merchantable quality and medicinal grade, safe and fit for its intended uses.

53. Defendant had a duty to exercise reasonable care in the research, testing, manufacturing, inspection, labeling, distribution, marketing, promotion, shipping, advertising, sale and release of the product.

54. Plaintiff purchased and made a decision to use the product and reasonably relied on the Defendant to disclose known or knowable defects, risks, dangers and side effects of the product.

55. Plaintiff had no knowledge of the falsity or incompleteness of the Defendant's statements and representations concerning the product when Plaintiff purchased the product as researched, developed, designed, tested, manufactured, inspected, labeled, distributed, advertised, shipped, marketed, promoted, sold and otherwise released into the stream of commerce by the Defendant.

56. Defendant had sole access to material facts concerning the defects and knew that users, such as the Plaintiff, could not have reasonably discovered such defects.

57. By the conduct herein alleged, the Defendant impliedly warranted to Plaintiff that the product was merchantable and fit for the purpose intended.

58. The Defendant breached this warranty in designing, selling, labeling, shipping, advertising, and distributing the product in a dangerous and defective condition and in failing to warn Plaintff and purchasers of the product of these defects.

59. As a direct and proximate result of the conduct of the Defendant, the Plaintiff has suffered and continues to suffer serious and permanent physical and emotional injuries, has expended and will continue to expend money for medical care and treatment, has and will continue to suffer economic loss, and has otherwise been physically and economically injured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the entry of a judgment against Defendant as follows:

1) That the Court award Plaintiff judgment against Defendant in such sums as shall be determined to fully and fairly compensate Plaintiff for all general, special, incidental and consequential damages incurred, or to be incurred, by Plaintiff as the direct and proximate result of the Defendant's defective product and its acts and omissions. These include, but are not limited to, physical pain and suffering, both past and future; medical and medical related expenses, both past and future; travel and travel-related expenses, both past and future; emotional distress and future emotional distress; pharmaceutical expenses, both past and future; wage loss; and other ordinary, incidental and consequential damages as would be anticipated to arise under the circumstances;

2) That the Court award Plaintiff her costs incurred in prosecuting this action;

3) That the Court award Plaintiff the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

4) That the Court award such other and further relief as it deems necessary and proper in the circumstances.

**DEMAND FOR JURY TRIAL**

NOTICE IS HEREBY GIVEN that Plaintiff hereby demands trial by jury in the above-captioned

matter.

Dated: March 30, 2021


CARL REYNOLDS LAW
820 43rd Street West
Bradenton, Florida 34209
Telephone: (941) 747-3300
Facsimile: (941) 708-0800
Attorney for Plaintiff
Attorney Reviewed/Electronically Signed
/s/ Carl E. Reynolds
Carl E. Reynolds, Esquire
Florida Bar No.: 581801
service@carlreynoldslaw.com